UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ISAACS,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED STATES,<br><br>          Defendant. | Case No.  13-cv-01394-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION TO QUASH SUMMONS**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Petitioner Jack Isaacs petitions the Court to quash a summons issued by the Internal Revenue Service ("IRS") to the Fremont Bank in connection with the IRS's efforts to locate assets to satisfy Mr. Isaacs's assessed federal tax liability. The United States moves to dismiss Mr. Isaacs's Petition for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As the assessed taxpayer, Mr. Isaacs was not entitled to receive notice of the Summons issued to Fremont Bank and, consequently, he does not have standing to petition to quash the Summons. Accordingly, Mr. Isaacs's Petition to Quash Summons is dismissed.

## BACKGROUND

The United States asserts that the IRS has assessed Mr. Isaacs for more than $420,000 in outstanding federal income tax liability for the tax years 2001 through 2005, 2009, and 2010, and for a Trust Fund Recovery Penalty for the second quarter of 1997. Dkt. No. 9 at 2. The IRS issued a summons to the Fremont Bank in order to locate assets to satisfy Mr. Isaacs's assessed federal tax liability. *Id.*

On March 28, 2013, Mr. Isaacs petitioned the Court to quash the Summons, arguing that the "cost to [Mr. Isaacs] of the payment of the copies of the documents requested by [the United States] would place an undue financial burden upon [Mr. Isaacs]." Dkt. No. 1, at 2. The United States has moved to dismiss Mr. Isaacs's Petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that, as the assessed taxpayer, Mr. Isaacs is

expressly barred by statute from moving to quash an IRS summons directed to a third party.

## LEGAL STANDARD

The basic rule of federal sovereign immunity is that "the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Consequently, a court does not have authority to award relief against the United States or a federal agency unless the requested relief is authorized by federal statute. *See United States v. King,* 395 U.S. 1, 4 (1969)).

If a plaintiff lacks standing, for example because Congress has not authorized the requested relief, rendering the defendant immune, the district court has no subject matter jurisdiction. *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002). Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the action. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

## DISCUSSION

The United States contends that, as the assessed tax-payer, Mr. Isaacs was not entitled to notice of the IRS Summons under 26 U.S.C. Section 7609(c)(2)(D)(i), and therefore lacks standing to petition to quash the Summons. Consequently, the United States argues, Mr. Isaacs's Petition should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As described below, the Court agrees and Mr. Isaac's Petition is dismissed for lack of jurisdiction.

Federal courts' jurisdiction to quash IRS summonses is set forth in 26 U.S.C. Section 7609. Congress has provided courts with only limited jurisdiction to quash an IRS summons by mandating that only persons entitled to notice of an IRS summons have standing to move to quash such a summons. 26 U.S.C. § 7609(b)(2)(A); *Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104 (9th Cir. 2011) ("only a person who is entitled to notice may bring a proceeding to quash such a summons"). In turn, Section 7609(a) provides generally that if the IRS asks the person summonsed for information relating to a person identified in the summons, the IRS must give that

1  third person notice of the summons. 26 U.S.C. § 7609(a); *Viewtech*, 653 F.3d at 1104. But there
2  are key exceptions to this general rule: notice is *not* required where a summons is "issued in aid of
3  the collection of an assessment made . . . against the person with respect to whose liability the
4  summons is issued" or that person's "transferee or fiduciary." 26 U.S.C. § 7609(c)(2)(D)(i)-(ii).
5  As the Ninth Circuit explained, "Congress enacted § 7609 for the purpose of giving third parties
6  notice that the IRS was summonsing their records, and enacted § 7609(c)'s exceptions to the
7  notice requirement based solely on its recognition that giving taxpayers notice in certain
8  circumstances would seriously impede the IRS's ability to collect taxes." *Viewtech*, 653 F.3d at
9  1105 (citation omitted).

10  Accordingly, a third party is not entitled to notice that the IRS has summonsed the third
11  party's records "[if] the third party [is] the assessed taxpayer, a fiduciary or transferee of the
12  taxpayer, or the assessed taxpayer ha[s] some legal interest or title in the object of the summons."
13  *Id.* (internal citation and punctuation omitted); *Lewis v. United States*, 2012 WL 1197784, *2
14  (E.D. Cal. Apr. 10, 2012) ("Petitioner is the assessed taxpayer and therefore was not entitled to
15  receive notice of these summonses."), *report and recommendation adopted,* 2012 WL 3886885
16  (E.D. Cal., May 4, 2012). An assessed taxpayer thus lacks standing to move to quash an IRS
17  summons directed to a third-party, and a court lacks subject matter jurisdiction to hear such a
18  petition. *See, e.g. Lewis*, 2012 WL 1197784, *2 ("Without the right to notice, petitioner has no
19  standing to petition to quash the summonses in question and this court lacks subject matter
20  jurisdiction.").

21  Mr. Isaacs contends that he was entitled to notice under 26 U.S.C. Section 7609(a). But
22  the Petition was "issued in aid of the collection of an assessment made" against him—the
23  Summons was issued in order to locate assets to satisfy his assessed federal tax liability—and he is
24  thus subject to the notice exception in Section 7609(c)(2)(D)(i). As Mr. Isaacs was not entitled to
25  notice of the Summons, he lacks standing to petition to quash the Summons, and the Court is
26  without subject matter jurisdiction to hear his Petition.

27  Mr. Isaacs also argues that the IRS did in fact provide him notice of the Summons, and
28  thus "granted [Mr. Isaacs] permission to sue [the United States] and as such gave [Mr. Isaacs]

standing to bring the within Motion to Quash." Dkt. No. 10 at 3. Mr. Isaacs is mistaken. That the IRS in fact gave Mr. Isaacs notice of the Summons (even though it was not required to), does not provide Mr. Isaacs standing to pursue his Petition. *See, e.g., Lewis*, 2012 WL 1197784 at * 2 & n.4 (assessed taxpayer was not entitled to notice and lacked standing, even though he was in fact provided notice of the summons by the IRS). Rather, Section 7609 confers standing only on persons who are *entitled* to notice, not on persons who actually receive notice. 26 U.S.C. § 7609(b)(2)(A) ("any person who is *entitled* to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons") (emphasis added).

## CONCLUSION

For the reasons stated above, the Court GRANTS the government's motion to dismiss. Mr. Isaacs's Petition to Quash Summons is DISMISSED WITH PREJUDICE.[1]

Dated: August 1, 2013

WILLIAM H. ORRICK
United States District Judge

---

[1] Mr. Isaacs has filed a brief entitled "Petitioner's Response to Respondent's Reply to Petitioner's Response to United States' Motion to Dismiss." Dkt. No. 16. The Court will treat the brief as a Sur-Reply, even though Mr. Isaacs did not seek leave to file a Sur-Reply, and no leave was granted. In any event, the Court has reviewed the brief. It does not raise any new arguments relevant to the Court's jurisdiction to hear Mr. Isaacs's Petition.